UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | HAISLEY, KATRICE A. | * | CASE NO. 05-21608 |
| | and GLEN | * | SECTION "A" |
| | | * | |
| | DEBTORS | * | CHAPTER 13 |

\*   \*   \*   \*   \*   \*   \*   \*   \*

REASONS FOR ORDER PARTIALLY GRANTING REQUEST FOR
ORDER PURSUANT TO 11 U.S.C. § 326(c)(4)(A)(ii)

Debtors, Katrice Haisley and Glen Haisley, ("Debtors") filed the above captioned bankruptcy on December 14, 2005, and are subject to the new provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). One of the effects of BAPCPA was to place greater restrictions on repeat bankruptcy filers, also known as serial filers. Creditor Cookie Armstrong ("Armstrong") filed an *Ex Parte* Request for Order Pursuant to 11 U.S.C. § 362(c)(4)(A)(ii), which asks this Court to confirm that no automatic stay is in effect because Mr. Haisley had two bankruptcies dismissed within the year preceding the filing of the present case. For the following reasons, this Court will grant in part and deny in part the relief requested.

**Background**

Debtor, Katrice Haisley, owns a piece of real property located at 7340 Briarheath Drive in New Orleans; Armstrong holds a first mortgage on the property. The current bankruptcy is the sixth combined bankruptcy filed between the Debtors. Mrs. Haisley filed the first bankruptcy proceeding, case no. 97-15278, on September 23, 1997. The case was dismissed on August 10, 1998 for failure to comply with the Plan. The Debtors next filed a joint bankruptcy proceeding on February 2, 2001, case no. 01-10754, which was dismissed on September 18, 2001 for failure to comply with the Plan. The Debtors

jointly filed a third bankruptcy proceeding on July 7, 2004, case no. 04-15090, which the Debtors voluntarily dismissed pre-confirmation on August 4, 2004. Mr. Haisley filed case 05-10570 individually on January 26, 2005. Said bankruptcy was in violation of 11 U.S.C. § 109(g), as it was filed within 180 days of the dismissal of the previous case.[1] Mr. Haisley voluntarily dismissed 05-10570 on February 14, 2005. Mr. Haisley filed his next bankruptcy proceeding, case no. 05-13424, individually and *pro se* on April 28, 2005. Said bankruptcy was dismissed, with prejudice, prohibiting future filings for a period of 12 months from the June 22, 2005 dismissal date. The current bankruptcy proceeding was filed jointly by Debtors. Armstrong's Motion asks this Court to enter an Order finding that no stay is in effect because the Debtors had two bankruptcies dismissed within the year preceding the current bankruptcy filing.

## Discussion

The automatic stay is provided by 11 U.S.C. § 362 and is defined as "one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 95-989 95th Cong., 2d Sess. at 54 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin.News 5840. As noted by Congress, the automatic stay provides protection for debtors, however, some debtors clearly abuse the bankruptcy stay. Certain BAPCPA amendments are designed to curtail serial abuse of the automatic stay. One such section is 11 U.S.C. § 362 (c)(4)(A)(i), which provides that

> if a single or joint case is filed by or against a debtor who is an individual

---

[1] 11 U.S.C. § 109(g)(2) provides that an individual may not be a debtor if that person was a debtor in a case pending in the preceding 180 days and voluntarily dismissed the previous case after a party filed a Motion for Relief from Stay. Mr. Haisley voluntarily dismissed case no. 04-15090 after SN Servicing Corp. filed a Motion for Relief from Stay. Case no. 05-10570, therefore, violated 11 U.S.C. § 109(g)(2), as it was filed less than 180 days after the previous dismissal.

>under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . the stay under subsection (a) shall not go into effect upon the filing of the later case.

Armstrong filed an *ex parte* Motion under 11 U.S.C. §362(c)(4)(A)(ii), which states that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." Armstrong argues that she is entitled to an order confirming that no stay is in effect because Mr. Haisley had two prior bankruptcies dismissed within the prior year.

There is no question that Mr. Haisley was a debtor in two prior bankruptcies within the year preceding the pending bankruptcy filed December 14, 2006; case 05-10570 was dismissed on February 14, 2005 and case 05-13424 was dismissed on June 22, 2005. There is a question, however, as to whether there is a stay as to Mrs. Haisley, who was not a debtor in any bankruptcy in the year preceding the filing of the current petition. This very issue was addressed in *In re Parker*, 336 B.R. 678 (Bankr. S.D.N.Y.2006). *Parker* involved joint debtors, a husband who was a debtor in two cases that were dismissed in the preceding year, and a wife who was not a debtor in any cases in the preceding year. The creditor argued that, under 11 U.S.C. § 362(c)(4)(A)(i), there was no stay in effect and requested an order confirming the same. The court compared § 362(c)(3) with § 362(c)(4) and noted that "both subsections focus on, and apply to, the acts of a specific debtor rather than joint debtors in the aggregate." *Id. at* 681. The court concluded that "in a joint bankruptcy case, the application of Section 362(c)(3) and (4) to each debtor must be analyzed separately." *Id.* This Court finds the reasoning in *Parker* sound and will analyze the application of section 362(b)(4) to each Debtor separately.

As discussed above, Mr. Haisley had two prior bankruptcies, 05-10570 and 05-

13424, dismissed in the year preceding the current case. Section 362(b)(4) applies to Mr. Haisley, therefore, and there is no stay in effect as to his interest in the bankruptcy. Additionally, the Order dismissing 05-13424, entered on June 21, 2006, prohibited Mr. Haisley from filing a bankruptcy petition for a 12 month period from the date of the entry. Mr. Haisley filed the current bankruptcy on December 14, 2005, in violation of the Order of Dismissal with Prejudice. Accordingly, Mr. Haisley was not eligible to be a debtor at the time he filed the current bankruptcy and should be dismissed from the case. The Court notes that the Debtors have a pending Motion to Dismiss Mr. Haisley from the current case and will formally rule on the dismissal after its consideration of that Motion.

Mrs. Haisley, on the other hand, was not a debtor in any bankruptcy cases in the year preceding the current case. She does not fall under the provisions of either Section 362(c)(3) or (c)(4), and there is a stay in effect as to her interest in the bankruptcy.

## Conclusion

Glen Haisley had two bankruptcies pending in the year preceding the filing of the current petition and in violation of the Order Dismissing with Prejudice entered in case 05-13424. There is no stay in effect as to his interest in the current bankruptcy under Section 362(c)(4). Katrice Haisley had no pending cases in the year preceding the filing of the bankruptcy and does not fall within the parameters of Section 362(c)(4).

New Orleans, Louisiana, July 18, 2006.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge